IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41194
Conference Calendar

_____


JOE REEVES,

                                        Plaintiff-Appellant,

versus

FRANK NOVAK; J. REYNAUD; R. LAPOINTE, Captain;
RAMSEY II UNIT,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-96-CV-358
- - - - - - - - - -
June 17, 1998
Before DAVIS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Joe Reeves, Texas prisoner #591205, appeals from the

dismissal of his prisoner civil rights action as frivolous.

Reeves contends that the defendants deprived him of due process

during prison disciplinary proceedings and that the defendants

retaliated against him for using prison grievance procedures and

for his success in previous litigation.

    Reeves fails to brief whether the district court erred by

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

holding his due process claim barred because he has not shown that the result of his disciplinary hearing has been invalidated. He therefore has failed to brief the proper issue for appeal regarding his due process claim. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Reeves cannot demonstrate plain error regarding his retaliation contention, which he raises for the first time on appeal. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc). Reeves's allegations do not give rise to any inference of retaliation; his retaliation contention is frivolous. *See Whittington v. Lynaugh*, 842 F.2d 818, 819-20 (5th Cir. 1988).

Reeves's appeal is without arguable merit and therefore is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). We previously dismissed an appeal by Reeves as frivolous. *Reeves v. Novak*, No. 96-41021 (5th Cir. Feb. 24, 1997) (unpublished). The district court's dismissal of the present case and our dismissal of Reeves's appeal constitute strikes two and three against Reeves for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Because Reeves has three strikes, he may not bring a civil action or appeal as a prisoner proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

APPEAL DISMISSED. 5TH CIR. R. 42.2. SANCTION IMPOSED UNDER

28 U.S.C. § 1915(g).